# United States Bankruptcy Court
## Middle District of Florida
## Jacksonville Division

In re **Thomas P. Hughes, Jr.** / **Teressa Hughes**
Debtor(s)

Case No. **3:10-bk-03924**
Chapter **11**

Individual Case under Chapter 11

## DEBTORS' PLAN OF REORGANIZATION, DATED JUNE 14, 2011

### ARTICLE I
### SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of the Debtors from future income of the Debtors derived from rental income generated from the real property that the Debtors own as well as other income from the Debtors' employment.

This Plan provides for 19 classes of secured claims, 1 class of unsecured claims, and 1 class of priority/administrative claims. Unsecured creditors holding allowed claims will receive distributions not less than the projected disposable income of the Debtor to be received during the five year period beginning on the date that the first payment is due under the Plan. This Plan also provides for the payment of administrative and priority claims either upon the effective date of this Plan or as allowed under the Bankruptcy Code. All creditors and equity security holders should refer to Articles II through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### ARTICLE II
### CLASSIFICATION OF CLAIMS AND INTERESTS

2.01   Class 1. All allowed claims entitled to priority under § 507 of the Code. All claims in Class 1 shall be paid in full at the time of confirmation of the Plan.

2.02   Class 2. First mortgage of Washington Mutual/Chase Bank on Debtor's homestead property at 3467 Russell Road, Green Cove Springs, Florida (Claim 8).

This Class consists of the secured claim of Washington Mutual/Chase Bank on Debtor's homestead property at 3467 Russell Road, Green Cove Springs, Florida by virtue of a first mortgage recorded in the Public Records of Clay County, Florida. The Debtor will continue to make regular monthly payments directly to the lender on the original terms of the note and mortgage unless a modification is entered into by the mortgage company.

Class 2 is unimpaired by the Plan. The holder of a Class 2 claim is not entitled to vote to accept or reject the Plan. Each holder of an allowed Class 2 claim shall retain any lien encumbering real property of the Debtor in Possession.

2.03   <u>Class 3</u>.  First mortgage of Fidelity Bank on 773 Swiss Oaks Court, Switzerland, Florida (Claim 7).

This Class consists of the secured claim of Fidelity Bank on 773 Swiss Oaks Court, Switzerland, Florida by virtue of a first mortgage recorded in the Public Records of St. Johns County, Florida.  The Debtor will pay the full account of the indebtedness as a re-amortized first mortgage, together with interest at the rate of 4.5%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the Creditor, whichever is earlier.  The Debtor in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loan in the Public Records of St. Johns County, Florida.  To the extent that the foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan.

Class 3 is impaired by the Plan.  The holder of a Class 3 claim is entitled to vote to accept or reject the Plan.  Each holder of an allowed Class 3 claim shall retain any lien encumbering real property of the Debtor in Possession.

2.04   <u>Class 4</u>.  Second mortgage of Wachovia Mortgage/Wells Fargo on 773 Swiss Oaks, Switzerland, Florida (Claim 27).

This Class consists of the secured claim of Wachovia Mortgage on 773 Swiss Oaks Court, Switzerland, Florida by virtue of a second mortgage recorded in the Public Records of St. Johns County, Florida.  The Debtor will pay the full account of the indebtedness as a re-amortized second mortgage, together with interest at the rate of 4.5%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the Creditor, whichever is earlier.  The Debtor in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loan in the Public Records of St. Johns County, Florida.

Class 4 is impaired by the Plan.  The holder of a Class 4 claim is entitled to vote to accept or reject the Plan.  Each holder of an allowed Class 4 claim shall retain any lien encumbering real property of the Debtor in Possession.

2.05  <u>Class 5</u>. First mortgage of Community First Credit Union on 301 Old Bainbridge Road, Tallahassee, Florida (Claim 10).

This Class consists of the secured claim of Community First Credit Union on 301 Old Bainbridge Road, Tallahassee, Florida by virtue of a first mortgage recorded in the Public Records of Leon County, Florida. The Debtor will pay the full account of the indebtedness as a re-amortized first mortgage, together with interest at the rate of 4.5%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the Creditor, whichever is earlier. The Debtor in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loan in the Public Records of Leon County, Florida. To the extent that the foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan.

Class 5 is impaired by the Plan. The holder of a Class 5 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 5 claim shall retain any lien encumbering real property of the Debtor in Possession.

2.06  <u>Class 6</u>. First mortgage of Taylor, Bean & Whitaker (Ocwen) on 2415 Creek Front Drive, Green Cove Springs, Florida (Claim 30).

This Class consists of the secured claim of Taylor, Bean & Whitaker on 2415 Creek Front Drive, Green Cove Springs, Florida by virtue of first mortgage recorded in the Public Records of Clay County, Florida. The Debtor will pay the full account of the indebtedness as a re-amortized first mortgage, together with interest at the rate of 4.5%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the Creditor, whichever is earlier. The Debtor in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loan in the Public Records of Clay County, Florida. To the extent that the foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan.

Class 6 is impaired by the Plan. The holder of a Class 6 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 6 claim shall retain any lien encumbering real property of the Debtor in Possession.

2.07   <u>Class 7</u>.  First mortgage of Wachovia Bank, N.A./Wells Fargo on 23495 Quasar Blvd, Port Charlotte, Florida (Claim 28).

This Class consists of the secured claim of Wachovia Bank, N.A. on 23495 Quasar Blvd, Port Charlotte, Florida by virtue of a first mortgage recorded in the Public Records of Charlotte County, Florida.  The Debtor will value the collateral at $66,000.00 per proof of claim 28 as filed by the creditor.  The Debtor will pay the full value amount as a re-amortized first mortgage, together with interest at the rate of 4.50%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the Creditor, whichever is earlier.  The Debtor in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loan in the Public Records of Charlotte County, Florida.  To the extent that the foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan.

Class 7 is impaired by the Plan.  The holder of a Class 7 claim is entitled to vote to accept or reject the Plan.  Each holder of an allowed Class 7 claim shall retain any lien encumbering real property of the Debtor in Possession.

2.08   <u>Class 8</u>.  First mortgage of CitiMortgage on 2465 D. Talco Hills, Tallahassee, Florida (Claim 18).

This Class consists of the secured claim of CitiMortgage on 2465 D. Talco Hills, Tallahassee, Florida by virtue of a first mortgage recorded in the Public Records of Leon County, Florida.  The Debtors surrender the holders' interest in the collateral in full satisfaction of any claim filed by the claimholder.

Class 8 is unimpaired by the Plan.  The holder of a Class 8 claim is not entitled to vote to accept or reject the Plan.

2.09   <u>Class 9</u>.  First mortgage of CitiMortgage on 1288 High Road, Tallahassee, Florida (Claim 19).

This Class consists of the secured claim of CitiMortgage on 1288 High Road, Tallahassee, Florida by virtue of first mortgage recorded in the Public Records of Leon County, Florida.  The Debtor will pay the full account of the indebtedness as a re-amortized first mortgage, together with interest at the rate of 4.5%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the Creditor, whichever is earlier.  The Debtor in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loan in the Public Records of Leon County, Florida.  To the extent that the foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan.

Class 9 is impaired by the Plan. The holder of a Class 9 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 9 claim shall retain any lien encumbering real property of the Debtor in Possession.

2.10    <u>Class 10</u>.  First mortgage of CitiMortgage on 1328 Nylic Street, Tallahassee, Florida. (Claim 22)

This Class consists of the secured claim of CitiMortgage on 1328 Nylic Street, Tallahassee, Florida by virtue of a first mortgage recorded in the Public Records of Leon County, Florida. The Debtor will pay the full account of the indebtedness as a re-amortized first mortgage, together with interest at the rate of 4.5%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the Creditor, whichever is earlier. The Debtor in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loan in the Public Records of Leon County, Florida. To the extent that the foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan.

Class 10 is impaired by the Plan. The holder of a Class 10 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 10 claim shall retain any lien encumbering real property of the Debtor in Possession.

2.11    <u>Class 11</u>.  First mortgage of Bank of America on Vacant Land in Tallahassee, Florida (Claim 32).

This Class consists of the secured claim of Bank of America on Vacant Land in Tallahassee, Florida by virtue of a first mortgage recorded in the Public Records of Leon County, Florida. The Debtors surrender the holders' interest in the collateral in full satisfaction of any claim filed by the claimholder.

Class 11 is unimpaired by the Plan. The holder of a Class 11 claim is not entitled to vote to accept or reject the Plan.

2.12    <u>Class 12</u>.  Second mortgage of Score Federal Credit Union on 2465 D. Talco Hills Tallahassee, Florida (Claim 24).

This Class consists of the secured claim of Score Federal Credit Union on 2465 D. Talco Hills Tallahassee, Florida by virtue of a second mortgage recorded in the Public Records of Leon County, Florida.  The Debtors surrender the holders' interest in the collateral in full satisfaction of any claim filed by the claimholder.

Class 12 is unimpaired by the Plan.  The holder of a Class 12 claim is not entitled to vote to accept or reject the Plan.

2.13    <u>Class 13</u>.  Second mortgage of the Score Federal Credit Union on 1328 Nylic Street, Tallahassee, Florida (Claim 25).

This Class consists of the secured claim of Score Federal Credit Union on 1328 Nylic Street, Tallahassee, Florida  by virtue of a second mortgage recorded in the Public Records of Leon County, Florida.  The value of class 13 claim is $0.00.  This Plan avoids the lien Class 13 has on this real property.  Any unsecured deficiency will be treated in the general unsecured creditor class.

Class 13 is impaired by the Plan.  The holder of a Class 13 claim is entitled to vote to accept or reject the Plan.

2.14    <u>Class 14</u>.  Second mortgage of the JPMorgan Chase on 3467 Russell Road, Green Cove Springs, Florida (Claim 31).

This Class consists of the secured claim of JPMorgan Chase on 3467 Russell Road, Green Cove Springs, Florida  by virtue of a second mortgage recorded in the Public Records of Clay County, Florida.  The value of class 14 claim is $0.00.  This Plan avoids the lien Class 14 has on this real property.  Any unsecured deficiency will be treated in the general unsecured creditor class.

Class 14 is impaired by the Plan.  The holder of a Class 14 claim is entitled to vote to accept or reject the Plan.

2.15    <u>Class 15</u>.  Second mortgage of Score Federal Credit Union on 1288 High Road, Tallahassee, Florida (Claim 23).

This Class consists of the secured claim of Score Federal Credit Union on 1288 High Road, Tallahassee, Florida by virtue of a second mortgage recorded in the Public Records of Leon County, Florida.  The value of class 15 claim is $0.00.  This Plan avoids the lien Class 15 has on this real property.  Any unsecured deficiency will be treated in the general unsecured creditor class.

Class 15 is impaired by the Plan.  The holder of a Class 15 claim is entitled to vote to accept or reject the Plan.

2.16    Class 16.  PMSI of the Community First Credit Union on a 2007 Chevrolet Suburban (Claim 13).

This Class consists of the secured claim of Community First Credit Union on a 2007 Chevrolet Suburban by virtue of a purchase money security interest.  The Debtor will pay the full claim amount.  The Debtors will pay the full claim amount as a re-amortized contract, together with interest at the rate of 4.5%, in equal monthly installments over a period of 60 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the Creditor, whichever is earlier.

Class 16 is impaired by the Plan.  The holder of a Class 16 claim is entitled to vote to accept or reject the Plan.  Each holder of an allowed Class 16 claim shall retain any lien encumbering property of the Debtor in Possession.

2.17    Class 17.  PMSI of the Community First Credit Union on a 2005 Chevrolet 1500 (Claim 12).

This Class consists of the secured claim of Community First Credit Union on a 2005 Chevrolet 1500 by virtue of a purchase money security interest.  The Debtor will pay the full claim amount.  The Debtors will pay the full claim amount as a re-amortized contract, together with interest at the rate of 4.5%, in equal monthly installments over a period of 60 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the Creditor, whichever is earlier.

Class 17 is impaired by the Plan.  The holder of a Class 17 claim is entitled to vote to accept or reject the Plan.  Each holder of an allowed Class 17 claim shall retain any lien encumbering property of the Debtor in Possession.

2.18    Class 18.  PMSI of the Community First Credit Union on a Hyundai Elantra (Claim 11).

This Class consists of the secured claim of Community First Credit Union on a Hyundai Elantra by virtue of a purchase money security interest.  The debt will continue to be paid outside of the bankruptcy by the co-debtor.  The creditor will receive no distribution under this plan.

Class 18 is unimpaired by the Plan.  The holder of a Class 18 claim is not entitled to vote to accept or reject the Plan.  Each holder of an allowed Class 18 claim shall retain any lien encumbering property of the Debtor in Possession.

2.19    Class 19. First mortgage of Ameris Bank on Business Condo in Clay Business Park (Claim 29).

This Class consists of the secured claim of Ameris Bank on Business Condo in Clay Business Park by virtue of a first mortgage recorded in the Public Records of Clay County, Florida. The mortgage/note will continue to be paid under the original terms of the contract by the obligated party.

Class 19 is unimpaired by the Plan. The holder of a Class 19 claim is not entitled to vote to accept or reject the Plan. Each holder of an allowed Class 19 claim shall retain any lien encumbering real property of the Debtor in Possession.

2.20    Class 20. PMSI of Prosperity Bank on the Debtors' Boat (No Claim).

This Class consists of the secured claim of Prosperity Bank on the Debtors' Boat by virtue of a purchase money security interest. The Debtor will pay the amount owed, $7,875.45. The Debtors will pay the full claim amount as a re-amortized contract, together with interest at the rate of 5.5%, in equal monthly installments over a period of 60 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the Creditor, whichever is earlier

Class 20 is impaired by the Plan. The holder of a Class 20 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 20 claim shall retain any lien encumbering property of the Debtor in Possession.

.    2.21    Class 21. All unsecured claims allowed under §502 of the Code.

This Class consists of the General Unsecured Claims, including any wholly unsecured second mortgage claims identified above and any unsecured portion of claims valued pursuant to 11 U.S.C. § 506.

The Debtor shall pay all projected disposable income for a period of 60 months to the holder of each Class 22 Claim in equal quarterly installments on the later of the effective date of the Plan or the date on which Class 22 claim becomes an allowed claim for full satisfaction of the unsecured claims. To the extent that the debtor sells or refinances any real property and receives a profit, then such profit shall be considered disposable income and committed to the unsecured creditors as stated above. Also the Debtors' tax refund while the case is pending will be considered disposable income and would go towards the unsecured creditors. The Debtor anticipates a distribution of $1,602.00 per quarter to the unsecured creditors.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEE'S FEES, AND PRIORITY TAX CLAIMS

3.01    Unclassified Claims. Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02    <u>Administrative Expense Claims</u>.  Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtors.

3.03    <u>Priority Tax Claims</u>.  Each holder of a priority tax claim will be paid in full by regular installments within 5 years of the date of the filing of the Petition by the Debtors in Possession in accordance with 11 U.S.C. § 1129(a)(9).

3.04    <u>United States Trustee Fees</u>.  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01    Claims and interests shall be treated as follows under this Plan:

**Class Impairment Treatment**

**Class 1 - Priority Claims.**

Unimpaired – The Debtor does not expect any priority claims outside of Attorney Fees and Trustee Fees.

**Class 2 – First mortgage of Washington Mutual/Chase Bank on Debtor's homestead property at 3467 Russell Road, Green Cove Springs, Florida (Claim 8).**

Unimpaired – repaid at the original terms of the note and mortgage.

**Class 3 – First mortgage of Fidelity Bank on 773 Swiss Oaks Court, Switzerland, Florida (Claim 7).**

Impaired – to be paid the full claim amount with 4.5% interest over 360 months.

**Class 4 – Second mortgage of Wachovia Mortgage on 773 Swiss Oaks, Switzerland, Florida (Claim 27).**

Impaired – to be paid the full claim amount with 4.5% interest over 360 months.

**Class 5 – First mortgage of Community First Credit Union on 301 Old Bainbridge Road, Tallahassee, Florida (Claim 10).**

Impaired – to be paid the full claim amount with 4.5% interest over 360 months.

**Class 6 – First mortgage of Taylor, Bean & Whitaker on 2415 Creek Front Drive, Green Cove Springs, Florida (Claim 30).**

Impaired – to be paid the full claim amount with 4.5% interest over 360 months.

**Class 7 – First mortgage of Wachovia Bank, N.A. on 23495 Quasar Blvd, Port Charlotte, Florida (Claim 28).**

Impaired – repaid the value of the estates interest in property, together with interest of 4.5%.

**Class 8 – First mortgage of CitiMortgage on 2465 D. Talco Hills, Tallahassee, Florida (Claim 18).**

Unimpaired – surrendered back to the creditor in full satisfaction of the debt.

**Class 9 – First mortgage of CitiMortgage on 1288 High Road, Tallahassee, Florida (Claim 19).**

Impaired – to be paid the full claim amount with 4.5% interest over 360 months.

**Class 10 – First mortgage of CitiMortgage on 1328 Nylic Street, Tallahassee, Florida. (Claim 22).**

Impaired – to be paid the full claim amount with 4.5% interest over 360 months.

**Class 11 – First mortgage of Bank of America on Vacant Land in Tallahassee, Florida (Claim 32).**

Unimpaired – surrendered back to the creditor in full satisfaction of the debt.

**Class 12 – Second mortgage of Score Federal Credit Union on 2465 D. Talco Hills Tallahassee, Florida (Claim 24).**

Unimpaired – surrendered back to the creditor in full satisfaction of the debt.

**Class 13 – Second mortgage of the Score Federal Credit Union on 1328 Nylic Street, Tallahassee, Florida (Claim 25).**

Impaired – to be valued at $0.00 and treated as a general unsecured claim.

**Class 14 – Second mortgage of the JPMorgan Chase on 3467 Russell Road, Green Cove Springs, Florida (Claim 31).**

Impaired – to be valued at $0.00 and treated as a general unsecured claim.

**Class 15 – Second mortgage of Score Federal Credit Union on 1288 High Road, Tallahassee, Florida (Claim 23).**

Impaired – to be valued at $0.00 and treated as a general unsecured claim.

**Class 16 – PMSI of the Community First Credit Union on a 2007 Chevrolet Suburban (Claim 13).**

Impaired – repaid the claim amount of the property, together with 4.5% over 60 months.

**Class 17 – PMSI of the Community First Credit Union on a 2005 Chevrolet 1500 (Claim 12).**

Impaired – repaid the claim amount of the property, together with 4.5% over 60 months.

**Class 18 – PMSI of the Community First Credit Union on a Hyundai Elantra (Claim 11).**

Unmpaired – repaid by co-debtor outside of bankruptcy under original terms.

**Class 19 – First mortgage of Ameris Bank on Business Condo in Clay Business Park (Claim 29).**

Unmpaired – repaid by outside of bankruptcy under original terms of contract.

**Class 20 – PMSI of Prosperity Bank on the Debtors' Boat (No Claim).**

Impaired – repaid the claim amount of the property, together with 5.5% over 60 months.

**Class 21 –General Unsecured Claims.**

Impaired – Anticipated distribution of approximately $1,602.00 per quarter to unsecured creditors

# ARTICLE V
# ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtors or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtors have scheduled such claim as disputed, contingent, or unliquidated.

5.02    Delay of Distribution on a Disputed Claim.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03    Settlement of Disputed Claims.  The Debtors will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

# ARTICLE VI
# PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01    Assumed Executory Contracts and Unexpired Leases.

(a)    The Debtors assume the following executory contracts and/or unexpired leases effective upon the date of the entry of the order confirming this Plan:

1. Leases between debtors and all tenants currently renting properties on the confirmation date.

(b)    The Debtors will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the date of the entry of the order confirming this Plan.  A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

# ARTICLE VII
# GENERAL PROVISIONS

7.01    Definitions and Rules of Construction.  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: N/A

7.02    Effective Date of Plan.  The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation.  But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

7.03    Severability.  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

7.04    Binding Effect.  The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

7.05    Captions.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

7.06    Controlling Effect.  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE VIII
## DISCHARGE

8.01    Discharge.  Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## ARTICLE IX
## OTHER PROVISIONS

9.01    Payments.  Payments to the various Classes under this Plan shall commence twenty (20) days after the date that the Plan becomes final and non-appealable unless otherwise specifically stated with respect to treatment of each particular class.

9.02    Values.  All values are from the Debtors' opinion unless otherwise stated.

By:    /s/ Jason A. Burgess
_____
Jason A. Burgess
Attorney for the Debtors in Possession
2350 Park Street
Jacksonville, Florida 32204
(904) 521-9868
Florida Bar No. 40757